**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **CHERYL WALTERS et al.,** } | |
| } | **CASE NO. 8:18- cv-02875-TPB-CPT** |
| Plaintiffs, } | |
| } | **DEFENDANT BMW OF NORTH** |
| vs. } | **AMERICA, LLC'S REPLY TO** |
| } | **PLAINTIFFS' NOTICE OF** |
| **BMW OF NORTH AMERICA, LLC,** } | **SUPPLEMENTAL AUTHORITY** |
| } | **OF OCTOBER 7, 2019** |
| Defendant. } | |

BMW of North America, LLC ("BMW NA"), respectfully submits the within Reply to Plaintiffs' Notice of Supplemental Authority ("Notice"), filed on October 7, 2019, as it contains misinterpretations and misstatements of the Decisions cited, therein.

1. In further support of Plaintiffs' Opposition to BMW NA's pending Motion to Dismiss or in the alternative, to sever Plaintiffs' claims, Plaintiffs' Notice improperly cites the Decisions of *Carroll v. BMW of North America, LLC*, 1:19-cv-00224-JMS-TAB, 2019 WL 2059619 (S.D. Ind. May 9, 2019), *Carroll v. BMW of North America, LLC*, 1:19-cv-00224-JMS-TAB, 2019 WL 4243153 (S.D. Ind. Sept. 6, 2019), *Schneider et al. v. BMW of North America, LLC*, No: 1:18-cv-12239-IT, 2019 WL 47715671 (D. Mass. Sept. 27, 2019), *Harris et al. v. BMW of North America, LLC*, 4:19-cv-00016-ALM, 2019 WL 4861379 (E.D. Tex. Oct. 2, 2019), and *Torres et al. v. BMW of North America, LLC*, No. 3:19-cv-00087-JD (N.D. Cal. Aug. 16, 2019) (collectively "Decisions"). *See* Dkt. 63.

2. *Carroll v. BMW of North America, LLC*: The opinion of Judge Jane Magnus-Stinson regarding BMW NA's motion to dismiss Carroll's amended complaint, strongly indicates that plaintiff-Carroll, who filed suit almost nine years after he purchased his vehicle, may have run afoul of the statutes of limitations. He also failed to plead sufficient information to allow it to decide the tolling issue. Dkt. 48 at pp. 13-15. While the court did not grant dismissal, it ordered discovery on the statute of limitations issue **only** and invited BMW NA to file a motion for summary judgment on that issue once discovery was complete. Dkt. 48 at pp. 15-16. BMW NA plans on filing said motion in due course.

3. *Schneider et al. v. BMW of North America, LLC:* In *Schneider*, Judge Indira Talwani found that plaintiffs failed to adequately plead the amount in controversy and held that the court lacked subject matter jurisdiction at this juncture. Notably, Judge Talwani provided that plaintiffs' reliance on *Carroll* was "instructive on the deficiency in this case", and then reiterated the paucity of facts regarding their alleged damages. As to BMW NA's request for severance, the court provided that the cases regarding same were not controlling in the jurisdiction. Ultimately, plaintiffs were granted leave to amend their complaint as to the present value of their vehicles, and were also required to attach affidavits for *each* plaintiff. The amended complaint was filed on October 2, 2019. BMW NA is examining same to determine whether a renewed motion to dismiss is appropriate.

4. *Harris et al. v. BMW of North America, LLC*: The court's Decision in *Harris* is also distinguishable. There, the court held that plaintiffs satisfied the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a). However, the court began its analysis by finding that plaintiffs asserted "distinct" claims and therefore, could not

2

aggregate their damages. Nevertheless, the court held there was still a "plausible set of facts" that would allow each plaintiff to recover more than $75,000, because plaintiffs asserted claims under the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus. & Com. Code § 17.41, *et seq.*, which allows treble damages upon a showing of intentional conduct. *Id.*, at *9-10. Given that the TDTPA's treble damages provision does not apply here, the Court should disregard the *Harris* Decision. Further, BMW NA will be filing a Motion to Reconsider the *Harris* Court's Decision.

5.  <u>*Torres et al. v. BMW of North America, LLC*</u>: Moreover, Plaintiffs' reliance on *Torres* is misplaced for similar reasons. In pertinent part, the *Torres* Court found that plaintiffs *plausibly* alleged claims under California law, which has no bearing on the instant matter. The court's ruling on the statute of limitations issue similarly relies upon 9th Circuit and California decisional law, which is not controlling in this jurisdiction.

6.  By summarily citing misplaced cases, it is apparent that Plaintiffs in this case are attempting to deflect the Court's attention from recent rulings that are applicable and instructive in this matter, specifically, *Johns-Pratt v. BMW of North America, LLC*, No. 3:18-cv-01799-VLB (Ct. Dkt. 42). In her assessment of plaintiffs' joinder of claims and pursuant to Florida case law, Judge Vanessa L. Bryant significantly found that plaintiffs' claims were improperly joined. Resultantly, Judge Bryant ordered that the claims be severed or alternatively, that plaintiffs voluntarily dismiss their claims. Any severed plaintiff was further required to pay the applicable filing fees. *Id. See* Dkt. 53.

WHEREFORE, based on the above, BMW NA respectfully requests that Plaintiffs' Notice of Supplemental Authority of October 7, 2019 be disregarded in its entirety.

Respectfully submitted this 13th Day of October, 2019.

/s/*Suzanne M. Valles*
Suzanne M. Valles, Esq.
Florida Bar No. 124546
BIEDERMANN HOENIG SEMPREVIVO, P.A.
601Brickell Key Drive,
Suite 700
Miami, FL 33131
Telephone: (646) 218-7541
Facsimile: (646) 218-7510
suzanne.valles@lawbhs.com

*Attorneys for Defendant, BMW Of North America, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing document was electronically filed this 13th day of October, 2019 by using CM/ECF systems, which will send notice of filing to all counsel of record.

/s/*Suzanne M. Valles*
Suzanne M. Valles, Esq.
Florida Bar No. 124546