UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL WALTERS et al.,

    Plaintiffs,

v.                                    Case No. 8:18-cv-02875-TPB-CPT

BMW OF NORTH AMERICA

    Defendant.
_____/

## ORDER ON DEFENDANT'S "MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, SEVER THE INDIVIDUAL PLAINTIFFS' CLAIMS"

This matter is before the Court on Defendant BMW of North America's "Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, Sever the Individual Plaintiffs' Claims," filed on March 27, 2019. (Doc. # 34). Plaintiffs filed a response in opposition on May 1, 2019. (Doc. # 40). The Court conducted a hearing on September 11, 2019. (Doc. # 59).[1] Having carefully considered the motion, response, court file, and the record, the Court finds that for reasons that follow, Defendant's motion is granted to the extent that all claims, other than those alleged by the first-named Plaintiff, Cheryl Walters, will be severed and dismissed without prejudice.

---

[1] Both parties filed multiple replies and other documents citing to additional supplemental authority. (Doc. ## 46, 47, 53, 63, 67, 70, 71, 73, 74).

## Background[2]

In this action, forty-one (41) separate Plaintiffs allege they each purchased vehicles manufactured or sold by BMW, suffered damages related to excessive oil consumption, and BMW failed to honor their warranties. Plaintiffs bring four causes of action: breach of warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*; breach of implied warranty of merchantability under § 672.314, *Florida Statutes*; breach of express warranty under § 672.313, *F.S.*; and violation of the Florida Deceptive and Unfair Trade Practices Act, § 501.201, *F.S.*, *et seq*.

All of the forty-one separate Plaintiffs here previously exercised their right to "opt out" of a nationwide class action concerning the same subject matter of this action. *See Bang v. BMW of N. Am., LLC*, No. CV 15-6945, 2016 WL 7042071, at *1 (D.N.J. Dec. 1, 2016) ("Bang Class Action"). Only twenty-one (21) of the forty-one Plaintiffs' cases appear to have arisen in the Middle District of Florida, and only eight (8) within the Middle District's Tampa Division. Only one of the forty-one Plaintiffs, Cheryl Walters, paid a filing fee.

Each of the forty-one Plaintiffs allege they purchased different vehicle models at different times from various dealerships throughout the United States.[3] All of the vehicles in question contained essentially the same allegedly defective N63 engine. Some Plaintiffs experienced oil issues shortly after purchase, and others experienced

---

[2] The Court accepts as true the facts alleged in Plaintiffs' amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[3] Plaintiffs allege jurisdiction is proper in Florida, because Plaintiffs either live or purchased their vehicles here.

issues within a year after purchase. Each Plaintiff serviced their vehicle at different locations throughout the country, at different points in time, utilizing different technicians. Plaintiffs allege that rather than fixing the underlying problem, the service technicians simply added more engine oil, which overfilled engine oil levels. As a result of the alleged defect, Plaintiffs were required to add additional oil to their vehicles between recommended oil change intervals to prevent further damage. The oil issues identified by Plaintiffs allegedly diminished the value of each of their vehicles in some way.

## **Legal Standard**

Individuals may join in a single action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Even if the requirements of Rule 20 are satisfied, a court enjoys considerable discretion to sever claims in the interests of judicial economy. *Torres v. Bank of America*, No. 8:17-cv-1534-T-26TBM, 2017 WL 10398671, at *1 (M.D. Fla. Oct. 6, 2017); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) ("[D]istrict courts enjoy equally broad discretion to sever parties based on misjoinder.").

## Analysis

After careful consideration, the Court finds that severance in this case is appropriate. Initially, the Court notes there are substantial factual differences among the Plaintiffs' claims. Each vehicle involved here had the same N63 engine, but that engine was contained in vehicles that differed by model year, make, mileage, oil consumption, maintenance history, and purchase location. As such, even if the forty-one Plaintiffs here satisfy the two-prong test for joinder, the differences between their claims are too numerous to promote judicial economy.

Under Rule 21, Fed. R. Civ. P., courts consider the following factors in determining whether to sever claims: "(1) the interest of avoiding prejudice and delay; (2) ensuring judicial economy; (3) safeguarding principles of fundamental fairness; and (4) whether different witnesses and documentary proof would be required for plaintiffs' claims." *Torres*, 2017 WL 10398671, at *2.

It is clear that the resolution of each Plaintiff's claim will require a separate analysis of the year, make, model, mileage, and maintenance history of each vehicle. Moreover, each Plaintiff purchased their respective vehicle from different dealers across the United States on separate occasions, and each Plaintiff had their vehicle serviced at different dealers, at different times and places. As such, each claim would involve different witnesses, located in various places across Florida and the country, and separate documentary proof. Under these factual circumstances, the Court finds that severance, rather than joinder, of Plaintiffs' claims is necessary to promote judicial efficiency.

Because misjoinder of parties is not grounds for dismissal of an action, the Court severs the claims of all parties, except for Ms. Walters. Therefore, the parties with severed claims are dismissed without prejudice and may, if they choose, refile their claims in the appropriate jurisdiction and venue after paying the required filing fees. *See In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2007 WL 737589, at *3 (M.D. Fla. Mar. 7, 2007); *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 534 (M.D. Fla. 2012) ("[T]he only economy that litigating these cases as a single action would achieve is an economy to the [p]laintiff—the economy of not having to pay a separate filing fee for each action brought.").

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative, Sever the Individual Plaintiffs' Claims" (Doc. # 34) is **HEREBY GRANTED.**

2. All claims, other than those alleged by the first-named Plaintiff, Cheryl Walters, are **HEREBY SEVERED AND DISMISSED WITHOUT PREJUDICE**, and may be commenced in separate individual actions.

3. The statute of limitations for any claim asserted in this case is deemed tolled during the pendency of this action and for a period of thirty (30) days from the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd day of November, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**